# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DERRICK E. BICKHAM,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 16-555-RAW-KEW |
| | ) |
| **JOE M. ALLBAUGH, DOC Director,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as barred by the statute of limitations (Dkt. 7). Petitioner, a pro se prisoner in the custody of the Oklahoma Department of Corrections, is incarcerated at Lawton Correctional Facility in Lawton, Oklahoma. He is challenging his convictions and sentences in three Pittsburg County District Court Cases: Case No. CF-2009-312 for Feloniously Pointing a Firearm (Count 1) and Felon in Possession of a Firearm (Count 2), both after former conviction of two or more felonies; Case No. CF-2009-313 for Feloniously Pointing a Firearm (Count 1) and Felon in Possession of a Firearm (Count 2), both after former conviction of two or more felonies; and Case No. CF-2009-349 for First Degree Robbery (Count 1), after former conviction of two or more felonies (Dkt. 8-1 at 1-7). He raises three grounds for relief in his petition:

I. Ineffective assistance of appellate counsel.

II. Ineffective assistance of trial counsel, conflict of interest.

III. The trial court abused its discretion and improperly applied state and federal law by assessing punishment and sentencing against Petitioner without determining whether petitioner was a mentally ill or insane person, after having full knowledge of Petitioner's lengthy mental health background.

Respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"):

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The record shows that on February 26, 2010, Petitioner entered a pleas of no contest in Pittsburg County District Court Case Nos. CF-2009-312, CF-2009-313, and CF-2009-349 (Dkt. 8-1). He was sentenced to 20 years of imprisonment on each count, all to run

2

concurrently. *Id.* at 8-9.

Petitioner filed a timely motion to withdraw his pleas, which was denied after a hearing on April 1, 2010. *Bickham v. State*, No. C-2010-337, slip op. at 1-2 (Okla. Crim. App. Dec. 8, 2010) (Dkt. 8-3). He then filed a petition for a writ of certiorari with the Oklahoma Court of Criminal Appeals ("OCCA"), alleging his pleas were not knowing and voluntary and that the trial court abused its discretion in assessing incarceration costs against him. *Id.* at 2. On December 8, 2010, the OCCA denied certiorari, finding that Petitioner's pleas were entered knowingly, intelligently, and voluntarily. *Id.* at 2. Petitioner's challenge to his incarceration cost assessment was remanded to the trial court. *Id.* at 2-3.

Because Petitioner did not appeal the OCCA's denial to the United States Supreme Court, his convictions became final on March 8, 2011, when the ninety-day period for filing such an appeal expired. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (conviction not final for AEDPA purposes until the time for filing a certiorari petition has expired). Pursuant to 28 U.S.C. § 2244(d)(1), Petitioner's statutory year began to run on March 9, 2011, and it expired on March 9, 2012. *See Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011) (the year begins to run the day after the judgment and sentence becomes final). Therefore, Petitioner's habeas corpus petition, which he avers was placed in the prison mail system on December 6, 2016, is untimely.

Petitioner filed an application for post-conviction relief on August 24, 2015 (Dkt. 8-4), which was denied by the state district court (Dkt. 8-5) and affirmed by the Oklahoma

3

Court of Criminal Appeals in *Bickham v. State*, No. PC-2016-337 (Okla. Crim. App. June 29, 2016) (Dkt. 8-6). Because Petitioner did not initiate his post-conviction proceedings until the limitation period had expired, there is no statutory tolling. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)).

Petitioner does not assert he is entitled to equitable tolling. Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003). Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). The Court finds that because Petitioner has failed to allege or argue equitable tolling, such relief is not warranted.

Petitioner stated in his post-conviction petition in error to the OCCA that he told his counsel he either did not commit the crimes, or he could not remember committing the crimes for which he was convicted (Dkt. 1-1 at 16-17, 60). Such bald assertions suggesting Petitioner's possible innocence, which were not presented in this habeas petition and that are completely contrary to his pleas, are insufficient to show this one of the rare instances meeting the demanding test for ignoring the one-year limitation period for his petition. *See McQuiggin v. Perkins*, __ U.S. __, 133 S.Ct. at 1928, 1935 (2013) ("To invoke the miscarriage of justice exception to AEDPA's statute of limitations, . . . a petitioner 'must show that it is more likely than not that no reasonable juror would have convicted him in the

4

light of the new evidence.'" (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

**Certificate of Appealability**

The Court further finds Petitioner has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

**ACCORDINGLY**, Respondent's motion to dismiss time-barred petition (Dkt. 7) is GRANTED, and this action is, in all respects, DISMISSED. Furthermore, Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this <u>28th</u> day of August 2017.

**Dated this 28th day of August, 2017.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma